*Read, J.
This action is brought against the defendant, as recorder of Miami county, for entering of record a forged receipt of money due on a mortgage, which misled the plaintiff into the belief that such mortgage was satisfied. And he, in consequence thereof, made purchase of the mortgage premises, which were afterward sold to satisfy the mortgage.
There is no averment in the declaration that the recorder had knowledge that such receipt was a forgery, or in any way acted maliciously or corruptly.
There is, therefore, nothing in this case to take it out of the operation of the ordinary rule, that an officer acting within the scope of his duty, is only responsible for an injury resulting from a corrupt motive. It is the duty of the recorder to enter of record all deeds, mortgages, and other instruments of writing, required by law to be recorded, and which are presented to him for that purpose. Swan’s Stat. 778. It is not his duty to determine the validity of such instruments as may be presented for record, or to ascertain whether they be genuino or forged. But even if it were, and he should act honestly and fairly, according to the best of his ability, he would not be responsible. Yet, undoubtedly, if regard *145 less of his duty, he should willfully and maliciously, with full knowledge, enter a false and forged instrument upon record, whereby some person was misled and injured, he would be responsible.
In this case it is not pretended that the recorder had any knowledge that .the receipt was forged, or that he acted from corrupt, motive. In this view the declaration discloses no cause of action,, and the demurrer is well taken.
But it is said the receipt is not such an instrument of writing as the recorder was by law authorized to record, and therefore-he is liable. If this were so, and the recorder exercised his judgment in good faith, according to the best of his abilities, ho would not bo responsible. Besides, if the instrument is not such as th:elaw authorizes to bo recorded, the act of recording is a nullity,, and the plaintiff should have disregarded it.
*But, under our statute, the entry of a receipt of the mortgage money, upon the mortgage or upon the record, is a satisfaction of the mortgage, and operates its release. Swan’s Stat. 270..
Such a receipt would be put, of course, in the hands of the mortgagor, whose interest it is to have the mortgage released, and he-might present it for record. The receipt for the mortgage money is, within itself, authority to enter satisfaction of the mortgage, and the mortgagor has the right to present it for record.
Hence, in no aspect of the case made in the declaration, is the-plaintiff entitled to recover.
Demurrer sustained, and judgment for defendant.